FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

14 MAR 21 PM 2: 57

ROBERT N. TRGOVICH
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

L-3 COMMUNICATIONS CORPORATION,
doing business as L-3 LINKABIT,

        Plaintiff,

        v.

SPARTON CORPORATION and SPARTON
ELECTRONICS FLORIDA, INC.,

        Defendants.

_____/

Northern District of Indiana
Miscellaneous Case No.:

Middle District of Florida
Case No.: 6:13-cv-01481-Orl-TBS

1:14-MC-03-RBC

**MOTION OF L-3 COMMUNICATIONS CORPORATION, DOING BUSINESS AS L-3
LINKABIT, TO QUASH DEFENDANTS' SUBPOENAS FOR DEPOSITION
TESTIMONY AND FOR PRODUCTION OF DOCUMENTS TO
NON-PARTY EXPERT EXELIS, INC.; FOR A PROTECTIVE ORDER; AND FOR A
STAY OF EXELIS, INC.'S COMPLIANCE WITH THE SUBPOENAS PENDING AN
ORDER ON THE MOTION, AND SUPPORTING MEMORANDUM OF LAW**

        Plaintiff L-3 Communications Corporation, doing business as L-3 Linkabit ("L-3")

moves this Court pursuant to Fed. R. Civ. P. 26 and 45 for an order quashing two (2)

subpoenas[1] issued by Defendants Sparton Corporation and Sparton Electronics Florida, Inc.

(collectively, "Sparton") to L-3's expert, Exelis Inc. ("Exelis") in the matter entitled *L-3

Communications Corporation, doing business as L-3 Linkabit, v. Sparton Corporation and

Sparton Electronics, Inc.*, U.S. District Court, Middle District of Florida Case No. 6:13-cv-

01481 (the "Florida Action").[2]  The subpoenas seek:

_____

[1] L-3 has standing to assert its "personal right or privilege" relating to the information held by
Exelis by this motion to quash.  Moore's Federal Practice – Civil § 45.50, *citing 7th Circuit
Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D.Ind. 2012).

[2] The Northern District of Indiana is the appropriate district for L-3 to bring this Motion because

(1) The deposition of a "person who has custody or control of the records of Exelis, Inc." the compliance date for which is March 28, 2014 (Exhibit "1"); and

(2) Documents, including documents unrelated to the products at issue in the Florida Action (Exhibit "2") the compliance date for which is April 7, 2014.[3]

Sparton's subpoenas must be quashed for three reasons. First, they seek to short-circuit deadlines under the Florida Action's Case Management and Scheduling Order (Exhibit "4"), demanding expert discovery nearly seven (7) months before disclosure of experts and reports.

Second, the subpoenas seek L-3's work product and/or trial preparation materials, which violate, at least, Fed. R. Civ. P. Rules 26(b)(3) and 26(b)(4).

Third, they seek trade secrets and/or other confidential research, development, or commercial information of a military sensitive nature which is not relevant to the Florida Action and is recognized by Fed. R. Civ. P. 45 as a basis for this Court to quash the subpoenas.

L-3 also seeks a protective order to prevent future non-party discovery against Exelis. Finally, L-3 seeks a stay of compliance with the subpoenas pending this Court's determination of the remainder of this motion, so as not to render the application moot.[4]

---

the place for compliance with Sparton's subpoenas is Fort Wayne, Allen County, Indiana. Fed. R. Civ. P. 45(d)(3)(A).

[3] Counsel for Sparton agreed to a courtesy 1-week extension of the dates provided within the subpoenas. Exhibit "3".

[4] On March 14, 2014, within 14 days of the subpoenas' service, Exelis served a written objection on Sparton pursuant to Fed. R. Civ. P. 45(d)(2)(B) (Exhibit "5"). Thus, Exelis is excused from compliance with Sparton's subpoena for documents. Compliance should similarly be excused from the deposition subpoena because the subpoena calls for testimony from a documents custodian, which is merely a documents subpoena in a different form.

## LOCAL CIVIL RULE 37-1 CERTIFICATION

Pursuant to Local Civil Rule 37-1, counsel for L-3 certifies that Trevor M. Gomberg, Esq., a member of the Florida bar, and counsel to L-3 in the Florida Action, conferred by telephone on March 12, 2014 with Jane Derse Quasarano, Esq., counsel for Sparton, regarding the relief sought in this Motion.  Counsel for L-3 conferred in good faith with Sparton's counsel and requested withdrawal of Sparton's subpoenas.  Sparton refused, necessitating this Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The Florida Action arose from Sparton's manufacture and/or assembly of 2 circuit card assemblies L-3 used inside communications modems L-3 then sold to the United States Government for use by the warfighter in theatre.  The assemblies caused the modems to fail.

On February 10, 2014, the Middle District of Florida issued a Case Management and Scheduling order (Exhibit "4") that set October 1, 2014 for disclose of experts and reports.[5]

Just over 2 weeks later, on February 28, 2014, Sparton served on L-3 (Exhibit "6") copies of two (2) subpoenas – one for deposition testimony (Exhibit "1") and one for documents (Exhibit "2") – that upon information and belief it served the following week on Exelis, a non-party expert retained by L-3 in anticipation of litigation in the Florida Action.

Sparton knew L-3 considered Exelis an expert.  By correspondence dated March 7, 2014, Sparton acknowledged that "[i]t is…undisputed that L-3 has obtained expert reports relating to

---

[5] To illustrate the early stage of proceedings in the Florida Action, the parties have not yet agreed on an electronic discovery stipulation, confidentiality agreement, or completed collection of client documents for discovery.  Notwithstanding, given the broad scope of the subpoenas, it would literally be impossible for L-3 to determine each document that could be subject to the subpoenas' reach.

its modem failures" (Exhibit "7").  Sparton's subpoenas are blatant attempts to side-step Fed. R.

Civ. P. 26 and gain access to L-3's work product, trial preparation, and confidential materials.

**Sparton's Subpoenas to Exelis**

The testimony subpoena seeks the deposition of:  "The person who has custody or

control of the records of Exelis, Inc. d/b/a Exelis Product Assurance Lab ("Exelis") *relating to*

*services provided to L-3 Communications Corporation d/b/a L-3 Linkabit*, and who has

knowledge of what records exist and where and how they are maintained."  (Exhibit "1")

(emphasis added).  The subpoena also claims "[t]his deposition is limited to the identification of

records."  *Id.*  Perhaps conceding that expert discovery cannot be sought unless as provided by

the scheduling order and Federal Rules of Civil Procedure, Sparton's testimony subpoena

concludes that "Sparton reserves the right to depose on substantive topics."  *Id.*

The documents subpoena demands Exelis:  "Produce *all documents* in your custody,

possession, or control that *refer or relate* to failure analysis, *design, engineering*,

manufacturability, component compatibility of the Ruggedized RX CCAs and RefGen CCA's

SMA Connectors performed by Exelis, Inc. d/b/a Exelis Product Assurance Lab ('Exelis') for L-

3 Communications Corporation d/b/a/ L-3 Linkabit ('L-3'), *including, but not limited to, the*

*following*:

> a. *All documents or reports that you prepared and revised while providing services to*
> *L-3, including all drafts of all reports*;
> b. All documents *reviewed* by you in preparing *any reports or analyses*;
> c. All documents *relied* upon by you in preparing *any reports or analyses*;
> d. All research reviewed by you in preparing *any reports or analyses*;
> e. All documents that were *provided to you by L-3*, L-3 employees, or contractors
> providing services to L-3;
> f. *All communications*, including but not limited to, correspondence, emails, contracts,
> agreements, notes, invoices, reports, payment receipts, *between you and L-3*, L-3
> employees, or contractors providing services to L-3;
> g. All documents supporting the analysis and conclusions in Exelis Product Assurance

Lab Report No. FA-MD-21443 titled 'U86 Failure Analysis;'

h. All documents supporting the analysis and conclusions in Exelis Product Assurance Lab Report No. FA-X-21444 titled 'RefGen SMA Connector Failure Analysis;' and

> 1. Any and all notes of any Exelis employee referring or relating to the design or failure of the RefGen CCAs and/or Rx CCAs.
>
> 2. Produce a curriculum vitae or last known resume for all individuals that assisted in the preparation of (l) Exelis Product Assurance Lab Report No. FA-MD-21443 and/or (2) Exelis Product Assurance Lab Report No. FA-X-21444, including the identification of any and all matters in which those individuals have testified in the last five years.
>
> 3. Produce ***all reports or analyses prepared by Exelis for L-3*** in the last five years.
>
> 4. Produce all testing, reports or analyses conducted or prepared by Exelis for L-3 in connection with the Ruggedized MPM-1000 Modem, of which the Rx CCAs and Ref Gen CCAs are components, whether or not the testing relates directly to the Rx CCAs or Ref Gen CCAs."

(Exhibit "2") (emphasis added).

In short, the plain language of the subpoenas calls for Exelis to produce all documents Exelis received from or sent to L-3 on literally any topic, and at any time, and also demands a representative be produced for deposition to testify regarding same.

L-3 has worked with Exelis on projects of military sensitivity wholly unrelated to the Florida Action, which warrants that this Court quash the subpoenas. The subpoenas also seek documents concerning any work Exelis did as an expert retained in anticipation of litigation that remains confidential work product, including documents that reflect opinions, mental impressions, or direction from L-3's counsel, all of which are plainly not discoverable under Rule 26(b)(3)(A) or Rule 26(b)(4)(D).

## DISCUSSION

Fed. R. Civ. P. 45 outlines several bases where a district court should quash a subpoena, for example, where the subpoena "requires disclosure of privileged or other protected matter";

or where it requires "disclosing a trade secret or other confidential research, development, or commercial information". Fed. R. Civ. P. 45(d)(3).

1. **Sparton's subpoenas to Exelis should be quashed because they are directed to discovery from a non-party consulting expert**

At least 2 sections of Fed. R. Civ. P. 26 forbid the kind of discovery that Sparton seeks through its subpoenas issued to Exelis. Fed. R. Civ. P. 26(b)(3)(A) provides, in pertinent part:

"[A] party *may not discover documents and tangible things that are prepared in anticipation of litigation* or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." (emphasis added)

Exelis, as an expert retained in connection with anticipated or pending litigation, is L-3's consultant or agent for that purpose. Related documents prepared or exchanged with Exelis for these purposes are therefore not discoverable.

Similarly, Fed. R. Civ. P. 26(b)(4)(D) provides, in pertinent part:

"[A] party *may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation* or to prepare for trial and who is not expected to be called as a witness at trial." (emphasis added)

Both rule sections encompass "anticipation of litigation". And, by the plain language of the rule, Exelis may not be deposed as of right if it is not disclosed as a testifying expert.[6]

Exelis is an expert. It "brought its technical background to bear" in analyzing failures of the circuit card assemblies manufactured and/or assembled for L-3 by Sparton. *See, Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34, 42-43 (S.D.N.Y. 1997); *see also* Declaration of Sean Dempsey (Exhibit "8").

---

[6] If L-3 determines that Exelis is a testifying expert, then L-3 need only disclose what is required under Fed. R. Civ. P. 26, at the time provided under the scheduling order in the Florida Action (here, on or before October 1, 2014). Sparton would still not be able to discover, for example, draft reports, or documents reflecting work product. Fed. R. Civ. P. 26(b)(4).

Additionally, Exelis was retained in anticipation of litigation. "To conclude that an expert was hired in anticipation of litigation, a lawsuit need not have been filed, but there must have existed 'more than a remote possibility of litigation.'" *Spearman Indus. v. St. Paul Fire & Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1151 (N.D.Ill. 2001) (expert was retained in anticipation of litigation); *Bank Brussels Lambert*, 175 F.R.D. at 43 (finding same). In *Bank Brussels Lambert*, something more than a remote possibility of litigation existed where the expert was hired after discovery of discrepancies between the actual value of inventory and that reported to a bank. *Id.* Given the "enormous potential damages involved", and the involvement of experts and counsel, the court properly found the expert's hiring to be in anticipation of litigation. *Id.*

As stated in the accompanying Declaration of Sean Dempsey (Exhibit "8"), L-3 experienced reports of failures in communications modems from its customers, stemming from circuit card assemblies Sparton built. The failures in communications modems used by the U.S. Military in active combat equated to the prospect of enormous damages for L-3. Like with the expert in *Bank Brussels Lambert*, L-3's retention of Exelis was in anticipation of litigation with its manufacturer-supplier, Sparton.

Consequently, Exelis did not obtain information from L-3 with respect to the subject circuit card assemblies "in the normal course of business" but rather because it was "hired to make an evaluation in connection with expected litigation." *Id.* at 43.

Even before the recent amendments to Fed. R. Civ. P. 26 which clarified and limited the scope of expert discovery, Courts have quashed subpoenas that sought trial preparation or work materials or testimony from experts. *See, e.g.*, *Green v. Anglemeyer*, 1996 U.S. Dist. LEXIS 1429, *6 (N.D.Ind. 1996) (granting motion to quash subpoenas because "the opposing party could not bypass Rule 26(b)(4) with a Rule 45 subpoena") *citing Marsh v. Jackson*, 141 F.R.D.

7

431, 433 (W.D.Va. 1992); *see also Hartford Fire Ins. Co. v. Pure Air on the Lake, Ltd. P'ship.*,

154 F.R.D. 202, 207-08 (N.D.Ind. 1993) (granting party's motion for a protective order and

quashing subpoena issued to a non-party consulting expert).

In *Marsh*, the court granted a plaintiff's motion to quash subpoenas issued to non-party

experts, ruling that Fed. R. Civ. P. 26 "operate[s] as a control, or brake if you will, on the

potential runaway use of the subpoena *duces tecum* to compel the production of the evidence of

experts...[and] the drafters of the Rules could have accounted for that if it had been their

intention to do so." 141 F.R.D. at 433.

### 2. The scope of Sparton's subpoenas will capture confidential, military, and/or other commercial information that are irrelevant to the Florida Action

The subpoenas here ask for Exelis' entire files with L-3, without limitation to the Florida

Action. The deposition subpoena merely seeks Exelis' entire file in a different fashion, by

testimony of a corporate representative on literally every record referring to L-3.

These requests are not tailored to documents concerning the subject matter of this

litigation. As stated in the Declaration of Sean Dempsey (Exhibit "8"), L-3 worked with Exelis'

Fort Wayne, Indiana facility on projects of a confidential military nature that are irrelevant to

this case. As Fed. R. Civ. P. 45(d)(3)(B) recognizes, Sparton is not entitled to "trade secret or

other confidential research, development, or commercial information", and the need for

compliance with the subpoenas impinges on L-3's rights to keep that information protected.

### 3. L-3 should additionally be granted a protective order

This Court should additionally grant L-3 a protective order pursuant to Fed. R. Civ. P.

26(c). *In re Lee v. Burlington N. Santa Fe. R.R. Co*., 2010 U.S. Dist. LEXIS 21465 (N.D. Ill.

2010) (granting third-party defendant's motion for protective order and precluding party from

requesting documents from non-testifying consulting expert); *see also Hartford Fire Ins. Co.*,

154 F.R.D. 202, 207-08.

Good cause exists for a protective order here because Sparton seeks unfettered access to every one of Exelis' documents relating to L-3, whether it bears on the subject matter of this action or not, and also bears on work product, trial preparation materials, and trade secrets and/or other military sensitive, confidential materials.  Fed. R. Civ. P. 26(c) specifically recognizes a protective order may forbid disclosure or discovery (Fed. R. Civ. P. 26(c)(1)(A), or protect trade secrets or confidential information (Fed. R. Civ. P. 26(c)(1)(G).  A protective order is also needed because it is likely Sparton will serve additional subpoenas on Exelis.

### 4.  The Court should issue a stay of compliance with the subpoenas pending determination of this Motion so that the relief sought herein is not rendered moot

Pending determination of this motion, the Court should issue an order staying the need for compliance with the subpoenas. *Church of Scientology v. U.S.*, 506 U.S. 9, 11 ("[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'").

### CONCLUSION

For the foregoing reasons, L-3's motion to quash Sparton's subpoenas should be granted and a protective order should be entered protecting L-3's work product, trial preparation materials, and confidential information, and excusing compliance with any Fed. R. Civ. P. Rule 45 subpoenas issued by Sparton to Exelis.

Respectfully submitted this 21st day of March, 2014

Richard A. Kempf, Atty. No. 1597-49
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, IN  46204
Tel.: (317)713-3500
Fax: (317)713-3699
rkempf@taftlaw.com

Attorney for L-3 Communications
Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served by United

States mail, first-class postage prepaid, and by email this 21st day of March, 2014 upon:

Richard E. Mitchell
Gray Robinson, PA - Orlando
301 E Robinson St, Ste 1400
Orlando, FL 32801
407-843-8880
Fax: 407-244-5690
Email: rmitchell@gray-robinson.com

Robert M. Norway
Gray Robinson, PA - Orlando
301 E Robinson St, Ste 1400
Orlando, FL 32801
407-843-8880
Fax: 407-244-5690
Email: Robert.Norway@gray-robinson.com

Joseph J. Shannon
Bodman, LLP
6th Floor at Ford Field
1901 St Antoine St.
Detroit, MI 48226
313-259-1777
Fax: 313-393-7579
Email:  jshannon@bodmanlaw.com

Jane Quasarano
Bodman, LLP
6th Floor at Ford Field
1901 St Antoine St.
Detroit, MI 48226
313-259-1777
Fax: 313-393-7579
Email:  jquasarano@bodmanlaw.com

Bridget Hathaway
Bodman, LLP
6th Floor at Ford Field
1901 St Antoine St.
Detroit, MI 48226
313-259-1777
Fax: 313-393-7579
Email:  bhathaway@bodmanlaw.com

*Counsel for Defendants*

Thomas A. Rall
Vice President & General Counsel
Night Vision & Communications Solutions
Exelis Inc.
400 Initiative Drive
P.O. Box 60488
Rochester, NY  14606-0488
Email:  thomas.rall@exelisinc.com

Trevor Gomberg, Esq,
Steven L. Levitt, Esq.
STEVEN L. LEVITT &
    ASSOCIATES, P.C.
129 Front Street
Mineola, NY  11501
Email: TGomberg@sllpc.com
    SLevitt@sllpc.com

Richard A. Kempf

2086311.1

# EXHIBIT 1

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | |
|---|---|
| L-3 Communications Corporation d/b/a L-3 Linkabit | ) |
| *Plaintiff* | ) |
| v. | ) |
| Sparton Corporation and | ) |
| Sparton Electronics Florida, Inc. | ) |
| *Defendant* | ) |

Civil Action No.   6:13-cv-01481

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Exelis Inc. d/b/a Exelis Product Assurance Lab c/o CT Corporation System, Registered Agent, 1200 South Pine Island Rd., Plantation, FL 33324
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached EXHIBIT A.

| Place: Charles D. Holm Court Reporters, Inc., 110 W. Berry Street #1200, Fort Wayne, Indiana 46802 | Date and Time:<br>March 21, 2014 at 9:00 A.M. |
|---|---|

The deposition will be recorded by this method:   Stenographically

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   2/26/14

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Richard E. Mitchell |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants
Sparton Corporation and Sparton Electronics Florida, Inc. _____ , who issues or requests this subpoena, are:

Richard E. Mitchell, Gray Robinson, P.A., 301 East Pine Street, Suite 1400, Orlando, FL 32801
Telephone: (407) 843-8880      Email: rick.mitchell@gray-robinson.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  6:13-cv-01481

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                         *Server's signature*

                                 _____
                                         *Printed name and title*

                                 _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

The person who has custody or control of the records of Exelis, Inc. d/b/a Exelis Product Assurance Lab ("Exelis") relating to services provided to L-3 Communications Corporation d/b/a L-3 Linkabit, and who has knowledge of what records exist and where and how they are maintained.

This deposition is limited to the identification of records, and Sparton reserves the right to depose on substantive topics.

# EXHIBIT 2

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| L-3 Communications Corporation d/b/a L-3 Linkabit | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   6:13-cv-01481 |
| Sparton Corporation and | ) |
| parton Electronics Florida, Inc. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Exelis Inc. d/b/a Exelis Product Assurance Lab c/o CT Corporation System, Registered Agent, 1200 South Pine
Island Rd., Plantation, FL 33324

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material: listed on the attached EXHIBIT A.

| Place: Charles D. Holm Court Reporters, Inc., 110 W. Berry Street #1200, Fort Wayne, Indiana 46802 | Date and Time:<br><br>03/31/2014 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:    02/26/2014

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Richard E. Mitchell |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendants
Sparton Corporation and Sparton Electronics Florida, Inc.    , who issues or requests this subpoena, are:

Richard E. Mitchell, Gray Robinson, P.A., 301 East Pine Street, Suite 1400, Orlando, FL 32801
Telephone: (407) 843-8880     Email: rick.mitchell@gray-robinson.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom
it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  6:13-cv-01481

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___ 0.00 ___ .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                          *Server's signature*

                                                    _____
                                                          *Printed name and title*

                                                    _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

1.      Produce all documents in your custody, possession, or control that refer or relate

to failure analysis, design, engineering, manufacturability, component compatibility of the

Ruggedized RX CCAs and Ref Gen CCA's SMA Connectors performed by Exelis, Inc. d/b/a

Exelis Product Assurance Lab ("Exelis") for L-3 Communications Corporation d/b/a/ L-3

Linkabit ("L-3"), including, but not limited to, the following:

> a.  All documents or reports that you prepared and revised while providing services
>     to L-3, including all drafts of all reports;
>
> b.  All documents reviewed by you in preparing any reports or analyses;
>
> c.  All documents relied upon by you in preparing any reports or analyses;
>
> d.  All research reviewed by you in preparing any reports or analysis;
>
> e.  All documents that were provided to you by L-3, L-3 employees, or  contractors
>     providing services to L-3;
>
> f.  All communications, including but not limited to, correspondence, emails,
>     contracts, agreements, notes, invoices, reports, payment receipts, between you and
>     L-3, L-3 employees, or contractors providing services to L-3;
>
> g.  All documents supporting the analysis and conclusions in Exelis Product
>     Assurance Lab Report No. FA-MD-21443 titled "U86 Failure Analysis;"
>
> h.  All documents supporting the analysis and conclusions in Exelis Product
>     Assurance Lab Report No. FA-X-21444 titled "Ref Gen SMA Connector Failure
>     Analysis;" and
>
> i.  Any and all notes of any Exelis employee referring or relating to the design or
>     failure of the Ref Gen CCAs and/or Rx CCAs.

2.      Produce a curriculum vitae or last known resume for all individuals that assisted

in the preparation of (1) Exelis Product Assurance Lab Report No. FA-MD-21443 and/or (2)

Exelis Product Assurance Lab Report No. FA-X-21444, including the identification of any and

all matters in which those individuals have testified in the last five years.

3.      Produce all reports or analyses prepared by Exelis for L-3 in the last five years.

4.      Produce all testing, reports or analyses conducted or prepared by Exelis for L-3 in connection with the Ruggedized MPM-1000 Modem, of which the Rx CCAs and Ref Gen CCAs are components, whether or not the testing relates directly to the Rx CCAs or Ref Gen CCAs.

# EXHIBIT 3

# Trevor Gomberg

| | |
|---|---|
| **From:** | Trevor Gomberg |
| **Sent:** | Thursday, March 13, 2014 5:39 PM |
| **To:** | 'Quasarano, Jane' |
| **Cc:** | 'Shannon, Joseph'; 'Hathaway, Bridget'; Steven L. Levitt; Karen L. Weiss; 'Todd Demetriades'; 'Jennifer De La Garza'; Robin Fitzgerald |
| **Subject:** | RE: Meet and Confer |

Dear Jane- This will confirm the one-week enlargements of time you offered during our meet and confer call yesterday, as follows:
1. Date for L-3's response to Sparton's motion for protective order, to March 27, 2014;
2. Date for Sparton's subpoena for testimony, to Exelis Inc., to March 28, 2014; and
3. Date for Sparton's subpoena to produce documents, to Exelis Inc., to April 7, 2014.

Thanks,
Trevor

**From:** Trevor Gomberg
**Sent:** Wednesday, March 12, 2014 12:11 PM
**To:** Quasarano, Jane
**Cc:** Shannon, Joseph; Hathaway, Bridget; Steven L. Levitt; Karen L. Weiss; Todd Demetriades; Jennifer De La Garza; Robin Fitzgerald
**Subject:** RE: Meet and Confer

Thanks Jane- 516-248-9700.

-Trevor

**From:** Quasarano, Jane [mailto:JQuasarano@BODMANLAW.COM]
**Sent:** Wednesday, March 12, 2014 11:41 AM
**To:** Trevor Gomberg
**Cc:** Shannon, Joseph; Hathaway, Bridget; Steven L. Levitt; Karen L. Weiss; Todd Demetriades; Jennifer De La Garza; Robin Fitzgerald
**Subject:** Re: Meet and Confer

Thank you Trevor. Please let me know which phone number you want me to use to call you.

Sent from my iPhone

On Mar 12, 2014, at 11:09 AM, "Trevor Gomberg" <TGomberg@sllpc.com> wrote:

> Dear Jane- Once again, I wish you would have identified the issues you have with L-3's discovery
> responses and objections, so that we may have a constructive meet and confer call. That said, I can be
> available to meet and confer today at 2pm regarding your emails below.
>
> -Trevor

**From:** Quasarano, Jane [mailto:JQuasarano@BODMANLAW.COM]
**Sent:** Tuesday, March 11, 2014 10:46 PM
**To:** Trevor Gomberg
**Cc:** Shannon, Joseph; Hathaway, Bridget
**Subject:** RE: Meet and Confer

At the meet and confer to discuss L-3's objections to Sparton's discovery, we can also attempt to resolve L-3s issues with respect to the Exellius subpoena.

Please let me know what time you are available.

Jane

---

**From:** Quasarano, Jane
**Sent:** Tuesday, March 11, 2014 4:15 PM
**To:** Trevor Gomberg (TGomberg@sllpc.com)
**Cc:** Shannon, Joseph; Hathaway, Bridget
**Subject:** Meet and Confer

Trevor,

As we discussed, please provide a time tomorrow or Thursday to meet and confer regarding L-3's rights to discovery.

**Jane Derse Quasarano**
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
office: 313-392-1066
fax: 313-393-7579
email: jquasarano@bodmanlaw.com
web: http://www.bodmanlaw.com

***Bodman is a Detroit Free Press
"Top Michigan Workplace"***
<image001.gif>
<image002.png>Please consider the environment before printing this e-mail.
CIRCULAR 230 DISCLOSURE In accordance with U.S. Treasury regulations, if this message from Bodman PLC (or any attachment) contains advice concerning one or more Federal tax issues, it is not a formal legal opinion and may not be used by any person for the avoidance of Federal tax penalties.

CONFIDENTIALITY NOTICE The contents of this message from Bodman PLC may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

# EXHIBIT 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**L-3 COMMUNICATIONS CORPORATION,**
**d/b/a L-3 Linkabit,**

**Plaintiff,**

**v.**                                    **Case No. 6:13-CV-1481-ORL-36TBS**

**SPARTON CORPORATION,**
**And SPARTON ELETRONICS**
**FLORIDA, INC.,**

**Defendants.**
_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

Having considered the Case Management Report prepared by the parties, *see*

Fed. R. Civ. P. 26(f) and Local Rule 3.05(c), the Court enters this Case Management

and Scheduling Order:

| | |
|---|---|
| **Mandatory Initial Disclosures** | February 7, 2014 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | Completed |
| **Motions to Add Parties or to Amend Pleadings** | February 21, 2014 |
| **Disclosure of Expert Reports** <br><br> Plaintiff: <br> Defendant: | <br><br> October 1, 2014 <br> November 3, 2014 |
| **Discovery Deadline** | December 1, 2014 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions** | January 5, 2015 |
| ***Meeting In Person* to Prepare Joint Final Pretrial Statement** | May 4, 2015 |

| | |
|---|---|
| ***Joint Final Pretrial Statement*** **, (including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect® version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** | May 11, 2015 |
| **All Other Motions Including Motions *In Limine*** | May 20, 2015 |
| **Final Pretrial Conference**       **Date:**<br>      **Time:**<br>      **Judge:** | **June 16, 2015**<br>**1:30 p.m.**<br>**Charlene Edwards**<br>**Honeywell**<br>**Courtroom 5B** |
| **Trial Briefs and Deposition Designations** | June 9, 2015 |
| **Trial Term Begins** | **July 6, 2015**<br>**9:00 a.m.** |
| **Estimated Length of Trial** | 13 to 15 days |
| **Jury / Non-Jury** | Non-Jury |
| **Mediation**<br>      **Deadline:**<br><br>      **Mediator:**<br><br>**Designated Lead Counsel shall contact opposing counsel and the mediator to Address:**<br>**reserve a conference date and shall file a Notice with the Court within 14 days of this Order advising of the date.**<br><br>      **Telephone:**<br><br>**Designated Lead Counsel**   **Attorney**<br>**Name: Pursuant to Local Rule 9.04(a)(3)**<br>**Lead Counsel Telephone Number** | **December 11, 2014**<br><br>**Jay M. Cohen**<br>**Jay Cohen PA**<br>**PO BX 2210**<br>**Winter Park, FL 32790**<br>**407.644.1181**<br>jmcohen@jmcohenpa.com<br><br><br><br><br>**William Demetriades**<br>**407.423.4246** |

The purpose of this order is to discourage wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of the action. *See* FED. R. CIV. P. 1; Local Rule 1.01(b). This order controls the subsequent course of this proceeding. Fed.R.Civ.P. 16(b), (e). Counsel and all parties (both represented and pro

se) shall comply with this order, with the Federal Rules of Civil Procedure, with the Local Rules of the United States District Court for the Middle District of Florida, and with the Administrative Procedures for Case Management/Electronic Case Filing. A copy of the Local Rules and Administrative Procedures may be viewed at http://www.flmd.uscourts.gov. Counsel shall also comply with the Ideals and Goals of Professionalism adopted by the Board of Governors of the Florida Bar on May 16, 1990 available at www.floridabar.org (Professional Practice – Henry Latimer Center for Professionalism); Local Rule 2.04(g).[1]

## I.   DISCOVERY

**A.   Certificate of Interested Persons and Corporate Disclosure Statement** – This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper – including emergency motion – may be denied or stricken unless the filing party has previously filed and served a Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate shall do so within fourteen (14) days from the date of this order, or sanctions will be imposed.

**B.   Discovery Not Filed** – The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03(e). The Court encourages the exchange of discovery requests on diskette or by e-mail.

**C.   Limits on Discovery** – Absent leave of Court, the parties may take no more than ten depositions per side (not per party). FED. R. CIV. P. 30(a)(2)(A); FED. R. CIV. P.31(a)(2)(A).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  FED. R. CIV. P. 33(a).  Absent leave of the Court or stipulation by the parties, each deposition is limited to one day of seven hours.  FED. R. CIV. P.30(d)(2).  The parties may agree by stipulation on other limits on discovery within the context of the limits and deadlines established by this Case Management and Scheduling Order, but the parties may not alter the terms of this Order without leave of Court. *See, e.g.,* FED. R. CIV. P. 29.

---

[1] *See also* procedures for the presiding district judge found under Judicial Information at www.flmd.uscourts.gov.

**D.     Discovery Deadline** – Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.

**E.     Disclosure of Expert Testimony** – On or before the date set forth in the above table for the disclosure of expert reports, the party shall fully comply with Federal Rule of Civil Procedure 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

**F.     Confidentiality Agreements** – The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce stipulated and signed confidentiality agreements. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." See also "Motions to File Under Seal" below.

## II.    MOTIONS

**A.     Certificate of Good Faith Conference** – Before filing any motion in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. Local Rule 3.01(g). A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g). No certificate is required in a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action.  Local Rule 3.01(g). Nonetheless, the Court expects that a party alleging that a pleading fails to state a claim will confer with counsel for the opposing party before moving to dismiss and will agree to an order permitting the filing of a curative amended pleading. FED. R. CIV. P. 15. The term "counsel" in Rule 3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates. The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax or letter. Counsel who merely "attempt" to confer have not "conferred." Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center

for Professionalism). The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

### B.  Extension of Deadlines

The parties may not extend deadlines established in this Case Management and Scheduling Order without the approval of the Court.

1.  **Dispositive Motions Deadline and Trial Not Extended** – Motions to extend the dispositive motions deadline or to continue the trial are generally denied. See Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice.  A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.09.  The Court cannot extend a dispositive motion deadline to the eve of trial. In light of the district court's heavy felony trial calendar, at least 5 months are required before trial to receive memoranda in opposition to a motion for summary judgment, and to research and resolve the dispositive motion sufficiently in advance of trial.

2.  **Extensions of Other Deadlines Disfavored** – Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed.R.Civ.P. 16(b). Failure to complete discovery within the time established by this Order shall not constitute cause for continuance. A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the additional discovery is necessary for specified reasons; 2) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 3) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 4) no party will use the granting of the extension in support of a motion to extend another date or deadline. The movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery. Local Rule 3.09(b).The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

### C.  Motions to Compel and for Protective Order – Motions to compel and motions for a protective order will be denied unless the motion fully complies with Local Rule 3.04, requiring the motion to quote in full each interrogatory, question, or request; to quote in full opposing party's objection and grounds, or response which is asserted to be insufficient; and to state the reasons the motion should be granted.

### D.  Motions to File Under Seal – Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.09.

**E.    Memoranda in Opposition** – Each party opposing any written motion, shall file, within fourteen days after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested. Local Rule 3.01(b). Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed. Motions titled as "unopposed" or "agreed" normally come to the Court's attention prior to the deadline for response. If the parties are in agreement, counsel shall identify motions as "unopposed" or "agreed".

**F.    Emergency Motions** – The Court may consider and determine emergency motions at any time. Local Rule 3.01(e). Counsel should be aware that the designation "emergency" may cause a judge to abandon other pending matters in order to immediately address the "emergency." The Court will sanction any counsel or party who designates a motion as "emergency" under circumstances that are not a true emergency. Id. It is not an emergency when counsel has delayed discovery until the end of the discovery period. Promptly after filing an emergency motion, counsel shall place a telephone call to the chambers of the presiding judge to notify the Court that an emergency motion has been filed.

**G.    Page Limits** – No party shall file a motion and supporting memorandum in excess of twenty-five pages or a response in excess of twenty pages except by permission of the Court. Local Rule 3.01(a), (b). A motion requesting leave to file either a motion in excess of twenty-five pages, a response in excess of twenty pages, or a reply or further memorandum may not exceed three pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise, the proposed motion, response, reply, or other paper. Rule 3.01(d). Motions for relief from page limitations are disfavored and will not be granted without a specific showing of good cause.

**H.    Motions for Summary Judgment**

**1.    Required Materials** – A motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, and shall be accompanied by a memorandum of law, affidavits and other evidence in the form required by Federal Rule of Civil Procedure 56. The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages. Local Rule 3.01(a). Each party opposing a motion for summary judgment shall file and serve, within **fourteen (14) days** after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested of not more than **twenty (20) pages**. Id. The memorandum in opposition shall specify the material facts as to which the opposing party contends there exists a genuine issue for trial, and shall be accompanied by affidavit(s) and other evidence in the form required by Federal Rule of Civil Procedure 56. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact. General references to a deposition are inadequate. On or before the date on which the memorandum in opposition is due, the parties **SHALL** also file a stipulation of agreed material facts signed by the movant

and the parties opposing summary judgment pursuant to Local Rule 4.15. Material facts set forth in the stipulation will be deemed admitted for the purposes of the motion. The Court will accept a ten (10) page reply.  The reply shall be limited to addressing issues raised by the opposing party that have not already been addressed in the motion. The reply shall be filed within **fourteen (14) days** after the response is served.

**2.** **Under Advisement** – The Court takes a motion for summary judgment under advisement **no earlier than thirty (30) days** from the date it is served, unless the Court orders a different date. Unless specifically ordered, the Court will not hold a hearing on the motion. Failure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam); FED. R. CIV. P.56 (e). All requirements in this Order apply to pro se litigants as well as to parties represented by counsel.

**I.** **Daubert and Markman Motions** – On or before the date established in the above table for the filing of motions for summary judgment, any party seeking a ruling pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) (admissibility of expert opinions) or pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) (interpretation of a patent claim) shall file an appropriate motion. The parties shall prepare a glossary of technical or scientific terms where appropriate for the Court.

**J.** **All Other Motions Including Motions *In Limine*** – On or before the date established in the above table, the parties shall file and serve all other motions including motions in limine. Local Rule 3.01(g) applies, and the parties shall confer to define and limit the issues in dispute.

## III. JOINT FINAL PRETRIAL STATEMENT

**A.** **Meeting In Person** – On or before the date established in the above table, **lead trial counsel** for all parties and any **unrepresented parties** shall meet together **in person** pursuant to Local Rule 3.06(b) in a good faith effort to:

1. settle the case; the parties shall thoroughly and exhaustively discuss settlement of the action before undertaking the extensive efforts needed to conduct final preparation of the case for trial and to comply with the requirements of this order;

2. stipulate to as many facts and issues as possible; in order to assist the Court, the parties shall make an active and substantial effort to stipulate at length and in detail as to agreed facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested; as a rule, parties who have complied with this requirement in good faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial;

3.   tag, mark, identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial [Local Rule 3.06(b)(3) and 3.07(a)]; and prepare and exchange a final exhibit list on the Clerk's approved form (attached to this order) bearing a description identifying each exhibit and sponsoring witness [Local Rule 3.07(b)]; it is anticipated that counsel will agree to the admission of the bulk of the opposing parties' exhibits without objection and shall designate on the exhibit list the exhibits which the Court may admit without objection at trial. Absent good cause, the Court will not receive in evidence over objection any exhibits – including charts, diagrams, and demonstrative evidence – not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting or not listed in the joint final pretrial statement. Photographs of sensitive exhibits (i.e., guns, drugs, valuables) and of non-documentary evidence, and reductions of documentary exhibits larger than 8 ½" by 14" to be substituted for original exhibits after conclusion of the trial must be presented to opposing counsel for examination at the meeting to prepare the Joint Final Pretrial Statement. Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement. The parties are advised that the design of certain courtrooms may preclude the use of large exhibits and posters in a jury trial. The parties are directed to contact the trial judge's courtroom deputy clerk to discuss exhibits and equipment to be used during trial; and

4.   exchange the names and addresses of all witnesses and state whether they will likely be called.

## B. The Joint Final Pretrial Statement

**1.   Form of Joint Final Pretrial Statement** – On or before the date established in the above table, the parties shall file a Joint Final Pretrial Statement that strictly conforms to the requirements of Local Rule 3.06(c) and this Order. **This case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due.** Lead trial counsel for all parties, or the parties themselves if unrepresented, shall sign the Joint Final Pretrial Statement. The Court will strike pretrial statements that are unilateral, incompletely executed, or otherwise incomplete. Inadequate stipulations of fact and law will be stricken. Sanctions may be imposed for failure to comply, including the striking of pleadings. At the conclusion of the final pretrial conference, all pleadings are deemed to merge into the Joint Final Pretrial Statement, which will control the course of the trial. Local Rule 3.06(e).

**2.   Exhibit List** – The exhibit list filed in compliance with Local Rules 3.06(c)(4) and 3.07(b) must be on the Clerk's approved form (attached to this order). Unlisted exhibits will not be received into evidence at trial, except by order of the Court in the furtherance of justice. See Local Rule 3.06(e). The Joint Final Pretrial Statement must attach each party's exhibit list on the approved form, listing each specific objection ("all objections reserved" does not suffice) to each numbered exhibit that remains after full discussion and stipulation. Objections not made – or not made with specificity – are waived.

**3.    Witness List** – On the witness list required by Local Rule 3.06(c)(5), the parties and counsel shall designate which witnesses will likely be called, and also designate which witnesses may be called. Absent good cause, the Court will not permit, over objection, testimony from unlisted witnesses at trial. This restriction does not apply to true rebuttal witnesses (i.e., witnesses whose testimony could not reasonably have been foreseen to be necessary). Records custodians may be listed but will not likely be called at trial, except in the rare event that authenticity or foundation is contested. For good cause shown in compelling circumstances, the Court may permit presentation of testimony in open court by contemporaneous transmission from a different location. FED. R. CIV. P. 43(a).

**4.    Depositions** – The Court encourages stipulations of fact to avoid calling unnecessary witnesses. Where a stipulation will not suffice, the Court permits the use of depositions. At the required meeting, counsel and unrepresented parties shall agree upon and specify in writing in the Joint Final Pretrial Statement the pages and lines of each deposition (except where used solely for impeachment) to be published to the trier of fact. The parties shall include in the Joint Final Pretrial Statement a page-and-line description of any testimony that remains in dispute after an active and substantial effort at resolution, together with argument and authority for each party's position. The parties shall prepare for submission and consideration at the final pretrial conference or trial an edited and marked copy (as to the portion offered by each party) of any deposition or deposition excerpt which is to be offered in evidence.

**5.    Joint Jury Instructions, Verdict Form, Voir Dire Questions** – In cases to be tried before a jury, the parties shall attach to the Joint Final Pretrial Statement **a single jointly proposed set of jury instructions** in order of presentation to the jury, together with a single jointly-proposed jury verdict form. Local Rule 5.01(c). The parties should be considerate of their jury, and therefore should submit short, concise special verdict forms. The Court prefers pattern jury instructions approved by the United States Court of Appeals for the Eleventh Circuit. A party may include at the appropriate place in the single set of jointly-proposed jury instructions a contested charge, so designated with the name of the requesting party and bearing at the bottom a citation of authority for its inclusion, together with a summary of the opposing party's objection. The Court will deny outright a proposed instruction that is "slanted" in any way. **Any modifications to Eleventh Circuit standard jury instructions are disfavored and shall be clearly marked and identified on the proposed jury instructions. The Court requires that the parties e-mail a single set of jury instructions and verdict form, preferably in WordPerfect® or Word format to the Chambers mailbox.** The parties may include in the Joint Final Pretrial Statement a single list of jointly-proposed questions for the Court to ask the venire during voir dire.

**C.    Coordination of Joint Final Pretrial Statement** – All parties are responsible for filing a Joint Final Pretrial Statement in full compliance with this order. Plaintiff's counsel (or plaintiff if all parties are proceeding pro se) shall have the primary responsibility to coordinate compliance with the sections of this order that require a

meeting of lead trial counsel and unrepresented parties in person and the filing of a Joint Final Pretrial Statement and related material. See Local Rule 3.10 (relating to failure to prosecute). If the plaintiff is proceeding pro se, defense counsel shall coordinate compliance. If counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference.

### D.   Trial Briefs and Other Materials

**1.   Trial Briefs** – In the case of a non-jury trial, on or before the date established above, each party shall file and serve a trial brief with proposed findings of fact and conclusions of law. The parties may file a trial brief on or before the same date in the case of a jury trial.

**2.   Exhibit Notebook** – On the first day of a jury trial the parties may provide to the Court a bench notebook containing marked copies of all exhibits. On the first day of a non-jury trial, the parties shall provide to the Court a bench notebook containing marked copies of all exhibits. The parties may contact the courtroom deputy clerk for the trial judge to determine whether this requirement may be waived.

## IV. MEDIATION

**A.   Purpose** – To minimize costly pretrial procedures in a case that may be equitably settled, and to secure the just, speedy, and inexpensive determination of this action, all parties shall participate in good faith in mediation. See FED. R. CIV. P. 1; FED. R. CIV. P. 16(a)(5); Local Rules 1.01(b), 9.01(b). Parties who prefer mediation but have been designated for arbitration may file and serve a joint motion seeking relief from arbitration.

**B.   The Mediator** – This Court prefers to appoint the certified and approved mediator, if any, chosen by the parties in their Case Management Report. If no such mediator has been chosen, the Court designates the default mediator listed in the above table pursuant to Local Rule 9.04. The mediator shall conduct the mediation conference in the conference room of the mediator's law firm or office at a time and date selected by the mediator within the confines of this order.

**C.   Last Date to Mediate** – The parties shall complete the mediation conference on or before the mediation date set forth earlier in the above table. Despite Local Rule 9.05(d), **neither the mediator nor the parties have authority to continue the mediation conference beyond this date** except on express order of the Court. In any Track Three case, complex case, or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is complete by the last date to mediate.

**D.   Mediator's Authority** – The mediator shall have all powers and authority to conduct a mediation and to settle this case as are described in Chapter Nine of the

Local Rules, except as limited by this order. **The mediation shall continue until adjourned by the mediator.** In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation. At such time, the mediator may designate one or more coordinating attorneys who shall be responsible for conferring with the mediator regarding the mediation conference. If necessary, the coordinating attorney may coordinate the rescheduling of a mediation conference within the time allowed in this order.

### E. General Rules Governing Mediation Conference

**1. Case Summaries** – Not less than two days prior to the mediation conference, each party shall deliver to the mediator a written summary of the facts and issues of the case.

**2. Identification of Corporate Representative** – As part of the written case summary, counsel for each corporate party shall state the name and general job description of the employee or agent who will attend and participate with full authority to settle on behalf of the corporate party.

**3. Attendance Requirements and Sanctions** – Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, **shall** attend and participate in the mediation conference in person. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit. The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

**4. Authority to Declare Impasse** – Participants shall be prepared to spend as much time as may be necessary to settle the case. No participant may force the early conclusion of a mediation because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation.

**5. Restrictions on Offers to Compromise** – Evidence of an offer to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations); Local Rule 9.07(b). All discussion, representations and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. Fed. R. Evid. 408; Local Rule 9.07. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

**F. Compensation of Mediators** – Absent agreement of the parties and the mediator, mediators shall be compensated at a reasonable hourly rate agreed to by the parties or provided by order of the Court, after consideration of the amount in

controversy, the nature of the dispute, the resources of the parties, the prevailing market rate for mediators in the applicable market, the skill and experience of the mediator, and other pertinent factors. Unless altered by order of the Court, the cost of the mediator's services shall be borne equally by the parties to the mediation conference.

**G. Settlement and Report of Mediator** – A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator. *See also* Local Rule 9.06(b) and 3.08. Within **seven days** of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the mediator was forced to declare an impasse. *See* Local Rule 9.06. The mediator may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement or fails to comply with this Order. *See* Local Rule 9.05(e), 9.06(a).

## V. FINAL PRETRIAL CONFERENCE

**A. Lead Trial Counsel and Parties** – If this order does not set a final pretrial conference date, the Court may later set a final pretrial conference on notice. **Lead trial counsel and local counsel for each party, together with any unrepresented party, must attend the final pretrial conference in person unless previously excused by the Court.** *See* Local Rule 3.06(d); FED. R. CIV. P. 16(d).

**B. Substance of Final Pretrial Conference** – Since this case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due, at the final pretrial conference, all counsel and parties must be prepared and authorized to accomplish the purposes set forth in FED. R. CIV. P. 16 and Local Rule 3.06, including formulating and simplifying the issues; eliminating frivolous claims and defenses; admitting facts and documents to avoid unnecessary proof; stipulating to the authenticity of documents; obtaining advance rulings from the Court on the admissibility of evidence; settling the dispute; disposing of pending motions; establishing a reasonable limit on the time allowed for presenting evidence; and such other matters as may facilitate the just, speedy, and inexpensive disposition of the action. *See* FED. R. CIV. P. 16(c)-(d).

**VI. SANCTIONS** – The Court will impose sanctions on any party or attorney: 1) who fails to attend and to participate actively in the meeting to prepare the Joint Pretrial Statement, or who refuses to sign and file the agreed document; 2) who fails to attend the Final Pretrial Conference, or who is substantially unprepared to participate; 3) who fails to attend the mediation and actively participate in good faith, or who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation; or 4) who otherwise fails to comply with this order. Sanctions may include but are not limited to an award of reasonable attorneys fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court. *See* FED. R. CIV. P. 16(f) and 37; Local Rules 9.05(c), (e); 28 U.S.C. § 1927.

## VII. TRIAL

**A.    Trial Before District Judge** – A case scheduled for trial before a United States District Judge normally will be called for trial on the first day of the trial term indicated in the above table, or as soon after that date as is possible in light of the Court's felony and civil trial calendar.[2]   Cases not reached for trial in the month scheduled will be carried over to the following month on a trailing trial calendar, and issued subpoenas will continue in force. Counsel, parties, and witnesses **shall be available on twenty-four hours notice for trial after the beginning of the trial term**. A different District Judge or visiting judge may try the case. Local Rule 1.03(d). The case may be set for trial in the Orlando Division, Tampa Division, Fort Myers Division, Ocala Division, or Jacksonville Division of the Court. Local Rule 1.02(e). Absent a showing of good cause, any party whose turn it is to provide evidence will be deemed to have rested if, during the hours designated for trial, the party has no further evidence or witnesses available.

**B.    Trial Before Magistrate Judge** – A case scheduled for trial before a United States Magistrate Judge will be called for trial on a date certain. With respect to a civil case that remains pending before a District Judge as of the date of this order, the United States District Judges of the Middle District of Florida wish to afford the parties the opportunity to consent to proceed before a Magistrate Judge. Consent must be unanimous. A United States Magistrate Judge is available pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(a) to conduct all further proceedings in this case (or specified motions in this case), to conduct a jury or non-jury trial **beginning on a date certain**, and to enter final judgment. A party may appeal a final judgment of a Magistrate Judge to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from the district court. 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73. A party is free to withhold consent without adverse substantive consequences. 28 U.S.C. § 636 (c)(2); FED. R. CIV. P. 73(b). Consent forms are attached to this scheduling order. FED. R. CIV. P. 73(b); Local Rule 6.05.

**C.    Settlement** – Counsel shall immediately notify the Court upon settlement of any case. Local Rule 3.08(a). The parties shall notify the Court of any settlement or other disposition of the case which will eliminate the need for a jury by 11:30 a.m. on the last business day before the date scheduled for jury selection. Failure to do so will subject each party to joint and several liability for jury costs. Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings, including

---

[2] This case may be reassigned to a visiting District Judge at any time. In unusual and extraordinary circumstances, the Court may re-notice this case for trial shortly **before** the first day of the trial term if necessary to accommodate the trial schedule of the District Judge.

the Final Pretrial Conference and for trial absent the filing of a stipulation of dismissal signed by all parties who have appeared in the action (or notice of dismissal if prior to answer and motion for summary judgment).  FED. R. CIV. P. 41(a).

**DONE** and **ORDERED** in Orlando, Florida, this  10th day of February 2014.

Charlene Edwards Honeywell
United States District Judge

Attachments:          Exhibit List Form [mandatory form]
                      Magistrate Judge Consent / Entire Case
                      Magistrate Judge Consent / Specified Motions

Copies furnished to:  United States Magistrate Judge
                      Counsel of Record
                      Any *Pro Se* parties



# EXHIBIT LIST

___ Government      ___ Plaintiff      ___ Defendant      ___ Court

**Case No.**     _____

**Style:**     _____

_____

_____

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

---

[1]Use a code (e.g. "A"or "*") in this column to identify exhibits to be received in evidence by agreement without objection. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's date stamp.

# UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

_____
_____

Plaintiff(s),

-vs-
_____                    Case Number: _____

Defendant(s).

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
### TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Signatures | Party Represented | Date |
|------------|-------------------|------|
|            |                   |      |
|            |                   |      |
|            |                   |      |
|            |                   |      |

### ORDER OF REFERENCE

It is ORDERED that this case be referred to UNITED STATES MAGISTRATE JUDGE for all further proceedings and the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 and the foregoing consent of the parties.

_____                    _____
Date                                United States District Judge

NOTE:  RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED
        ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

AO 85A  (Rev. 8/98) Consent to Exercise of Jurisdiction by a United States Judge Over Specific Motion(s)

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT   OF FLORIDA
### ORLANDO DIVISION

_____

_____
           Plaintiff(s),

                vs

_____          Case No:          _____
           Defendant(s).

**CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE
OVER DISPOSITIVE MOTIONS DESCRIBED UNDER 28 U.S.C. § 636(b)(1)(B)**

### CONSENT TO EXERCISE OF JURISDICTION

In accordance with the provisions of 28 U.S.C.§636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below.

**MOTION(S):** _____

_____

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |

### ORDER OF REFERENCE

**IT IS ORDERED** that the above motion(s) be referred to the United States Magistrate Judge assigned to this case to conduct all proceedings and enter a final order on such motion(s) in accordance with 28 U.S.C.§636(c) and Fed.R.Civ.P.73.

_____          _____
          Date                                United States District Judge

NOTE:  RETURN THIS FORM TO THE CLERK OF THE COURT **ONLY IF** ALL PARTIES HAVE CONSENTED **ON THIS FORM** TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# EXHIBIT 5

## Trevor Gomberg

| | |
|---|---|
| **From:** | Nichols, Dawn - Exelis <Dawn.Nichols@exelisinc.com> |
| **Sent:** | Friday, March 14, 2014 10:45 AM |
| **To:** | Robin Fitzgerald |
| **Subject:** | FW: L-3 v. Sparton |
| **Attachments:** | Sparton-Mitchell-ltr1.pdf |

**From:** Nichols, Dawn - Exelis
**Sent:** Friday, March 14, 2014 8:21 AM
**To:** 'rick.mitchell@gray-robinson.com'
**Cc:** Rall, Thomas A - NVTCS
**Subject:** L-3 v. Sparton

Attached for your review is Exelis' objections to Defendant's subpoenas.  A hard copy will follow in the mail.

Dawn M. Nichols, PLS
Administrative Assistant to Thomas A. Rall,
    Vice President and General Counsel
Exelis
Night Vision & Communication Solutions
7635 Plantation Road
Roanoke, Virginia  24019
(540) 561-0345
dawn.nichols@exelisinc.com

This e-mail and any files transmitted with it may be proprietary and are intended solely for the use of the individual or entity to whom they are addressed. If you have received this e-mail in error please notify the sender. Please note that any views or opinions presented in this e-mail are solely those of the author and do not necessarily represent those of Exelis Inc. The recipient should check this e-mail and any attachments for the presence of viruses. Exelis Inc. accepts no liability for any damage caused by any virus transmitted by this e-mail.

1

Thomas A. Rall
Vice President and General Counsel
Night Vision & Communication
Solutions

Exelis Inc.
400 Initiative Drive
P.O. Box 60488
Rochester, NY 14606-0488

(585) 269-5023 Phone
thomas.rall@exelisinc.com
www.exelisinc.com

# EXELIS

March 13, 2014

**VIA E-MAIL (rick.mitchell@gray-robinson.com)**
Richard E. Mitchell, Esq.
Gray Robinson, P.A.
301 East Pine Street
Suite 1400
Orlando, FL 32801

Re:    *L-3 Communications Corporation v. Sparton Corporation et al.*
       U.S. District Court, Middle District of Florida, Orlando Division
       <u>Case No: 13-cv-1481-Orl-TBS</u>

Dear Mr. Mitchell:

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), please accept this as Exelis Inc.'s objections to Defendants' subpoenas served in connection with this matter on Exelis Inc. via its registered agent, on or about March 3, 2014.

The subpoenas are objectionable because they call for the production of documents (and/or identification thereof by testimony of a "person who has custody or control of the records of Exelis, Inc.") relating to work done by Exelis Inc. pursuant to its retention by L-3 Communications Corporation, doing business as L-3 Linkabit ("L-3") as an expert in anticipation of litigation. As such, the requested documents are protected from disclosure under Fed. R. Civ. P. 26(b) as well as other applicable law, as among other reasons, they constitute attorney work product and/or trial preparation materials.

The subpoenas are further objectionable because they call for the production of documents (and/or identification thereof by testimony of a "person who has custody or control of the records of Exelis, Inc.") relating to any work ever done for L-3. As such, the scope of the subpoenas is not limited to the products I understand to be at issue in this case, and therefore constitutes an undue burden and is otherwise improper.

I write without waiver of any remedies available to Exelis Inc.

Thank you for your attention to this matter.

Very truly yours,

Thomas A. Rall
Vice President & General Counsel
Night Vision & Communications Solutions
Exelis Inc.

# EXHIBIT 6

**Trevor Gomberg**

| | |
|---|---|
| **From:** | Debi L. Robbins <Debi.Robbins@gray-robinson.com> |
| **Sent:** | Friday, February 28, 2014 9:48 AM |
| **To:** | tdemetriades@whww.com; jdelagarza@whww.com; Steven L. Levitt; Robin Fitzgerald; Karen L. Weiss; Trevor Gomberg |
| **Cc:** | Richard ("Rick") E. Mitchell, Esq.; JShannon@BODMANLAW.COM; Quasarano, Jane (JQuasarano@BODMANLAW.COM); Taylor-Vasser, Tabitha (tvasser@BODMANLAW.COM); mhathaway@bodmanlaw.com |
| **Subject:** | SERVICE OF COURT DOCUMENT: L-3/Sparton, Case No.: 6:13-cv-01481 |
| **Attachments:** | L3.Sparton - 2014-02-26 Subpoena to Exelis for Deposition.PDF; L3.Sparton - 2014-02-26 Subpoena to Exelis for Production of Documents.PDF |

Counselors:  Good afternoon and pursuant to Fla. R. Jud. Admin. 2.516, please see attached.

| | |
|---|---|
| Court Identity: | United States District Court, Middle District of Florida |
| Case Number: | 6:13-cv-01481 |
| Initial Parties: (Plaintiff(s)) | L-3 Communications Corporation |
| Initial Parties: (Defendant(s)) | Sparton Corporation/Sparton Electronics Florida |
| Document(s) being served: | Subpoena for Production of Documents; Subpoena for Deposition |
| Sender's Name | Richard E. Mitchell, Esq. |
| Sender's Telephone Number: | (407) 843-8880, ext. 6374 |

**Debi L. Robbins**
Secretary
GrayRobinson, P.A.
301 East Pine Street Suite 1400
P.O. Box 3068 (32802-3068)
Orlando, FL 32801
Main: 407-843-8880 | Fax: 407-244-5690
Email: debi.robbins@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Disclaimer under Circular 230: Any statements regarding tax matters made herein, including any attachments, are not formal tax opinions by this firm, cannot be relied upon or used by any person to avoid tax penalties, and are not intended to be used or referred to in any marketing or promotional materials.

# EXHIBIT 7

**JANE DERSE QUASARANO**
JQUASARANO@BODMANLAW.COM
313-392-1066

March 7, 2014

**VIA EMAIL -** *SLEVITT@SLLPC.COM*

BODMAN PLC
6TH FLOOR AT FORD FIELD
1901 ST. ANTOINE STREET
DETROIT, MICHIGAN 48226
313-393-7579 FAX
313-259-7777

Steven L. Levitt, Esq.
Steven L. Levitt & Associates, P.C.
129 Front Street
Mineola, New York 11501

**bodman**
ATTORNEYS & COUNSELORS

Re:    *L-3 Communications Corporation v. Sparton Corporation & Sparton Electronics Florida, Inc.*

Dear Steven:

As I indicated to you in prior conversations, I have reviewed L-3's responses to Sparton's First Requests for Admission, Request for Production of Documents and Interrogatories. L-3's responses are primarily comprised of broad general objections (overbroad, burdensome, vague, etc.) and a refusal to provide requested information. L-3 filed litigation in the federal district court requesting millions of dollars in damages from Sparton. L-3's grossly inadequate responses do not satisfy its obligations under the Federal Rules of Civil Procedures and are directly prohibited by the Middle District Discovery Handbook. Although this letter addresses some specific issues and deficiencies in the responses, it is not a comprehensive list because the responses are so inadequate that it is not possible to identify all the deficiencies.

In addition to L-3's improper general objections, it appears that L-3 included various "specific" objections to avoid producing responsive documents and information. For example, in response to the requests for production of documents, L-3 states that it will limit its search for responsive information to one division within L-3, the Linkabit division.  The court rules do not permit L-3 to unilaterally limit the scope of its search. L-3 also repeatedly states that it objects because the discovery requests are "not in any way related to Defendants' actions or inactions." Although this objection is unclear, it appears that L-3 is using this statement to withhold documents and information requested in discovery specifically including (but not limited to) documents relating to performance issues with the communications modem and issues/problems with other components within the modems. It is also undisputed that L-3 has obtained expert reports relating to its modem failures. L-3 cannot use dates related to litigation expert disclosures to bar production of existing documents.

With respect to L-3's answers to interrogatories, in addition to improper use of broad general objections, L-3 objects to interrogatories in excess of 25 interrogatories when the parties specifically agreed to a broader limit of 50 (which L-3 included in its draft of the case management report submitted to Sparton). Although the case management order included the typical limit of 25 interrogatories

Steven L. Levitt, Esq.
March 7, 2014
Page 2

(apparently mistakenly), based on the parties' agreement that the limit be 50, I cannot understand any basis for objecting other than an attempt to frustrate discovery (particularly without any discussion among the parties regarding L-3's change in position).

Finally, your responses to Sparton's requests to admit do not comply with your obligations under the rules because it appears that L-3 relies on multiple objections to avoid responding substantively to the requests to admit.

L-3 must refile its discovery responses to comply with the Federal Rules of Civil Procedure and the Middle District Discovery Handbook, including withdrawing all general objections (other than attorney-client privilege and the parties agreement to reach a confidentiality agreement prior to production) and withdrawing the objection that the request is "not in any way related to Defendants' actions or inactions." Sparton is willing to allow L- 3 an additional 14 days to comply as long as L-3 confirms that it will revise its responses. Accordingly, please confirm your agreement that L-3 will revise and refile its discovery responses.

If you have any questions, Sparton is willing to conduct a meet and confer to resolve the issues. If the parties cannot reach agreement, Sparton will file a motion to compel with the Court.

Very truly yours,

Jane Derse Quasarano

JDQ/ttv


c:     Trevor Gomberg, Esq.
       Richard E. Mitchell, Esq.
       Robert M. Norway, Esq.
       Bridget M. Hathaway, Esq.
       *(all via email)*

# EXHIBIT 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

L-3 COMMUNICATIONS CORPORATION,
doing business as L-3 LINKABIT,

        Plaintiff,

        v.

SPARTON CORPORATION and SPARTON
ELECTRONICS FLORIDA, INC.,

        Defendants.

_____/

Middle District of Florida
Case No. 6:13-cv-01481-Orl-TBS

---

## DECLARATION OF SEAN DEMPSEY

1.      I, Sean Dempsey, am over the age of eighteen and competent to make this declaration and to testify to the matters and facts stated herein. I have personal knowledge of the facts stated in this declaration or knowledge acquired based on my communications with other employees of L-3 Communications Corporation, Linkabit Division ("L-3"), and they are true and correct to the best of my knowledge.

2.      I am presently employed as L-3's Vice President of Operations and Florida Site Manager.

3.      In or about April 2013, L-3 retained Exelis in connection with failures to the Ref Gen CCA and Rx CCA, which are the 2 circuit board assemblies in L-3's ruggedized modem that are the subject of this litigation.

4.      In or about that time, it was my understanding that Linkabit planned to commence litigation against Defendants if Defendants did not accept responsibility for being the cause of

1

those failures. As such, at that time, there existed more than a remote possibility of litigation with Defendants.

5.     I also understand that Defendants' subpoenas to Exelis ask for a broad range of documents, not limited to those pertaining to the Rx CCA and Ref Gen CCA.

6.     L-3 has worked with Exelis and its predecessor, ITT, in various teaming and subcontractor capacities for over fifteen (15) years.

7.     Additionally, L-3 has worked with Exelis' Fort Wayne, Indiana facility on projects completely irrelevant and unrelated to the Ref Gen CCA and Rx CCA.

8.     The unrelated projects L-3 has with Exelis' Fort Wayne, Indiana facility are subject to confidential teaming agreements, contain L-3 trade secrets and/or proprietary information, and/or relate to matters of military sensitivity, and, as stated, are completely irrelevant to the subject matter of this litigation.

9.     It would be highly inappropriate, and could cause significant damage to L-3 and our military, including war fighters, if Exelis was forced to produce documents regarding the foregoing subjects to Defendants or testify regarding same.

10.     I have executed this declaration within the United States.

11.     I declare under penalty of perjury that the foregoing is true and correct.


Executed on: March 20, 2014

_____

Sean Dempsey


2